UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.   **5:24-cv-00291-SSS (DTB)**                                Date: **February 14, 2024**

Title:  **Gilbert Phillip Moreno v. Christian Pfieffer**
================================================================
**DOCKET ENTRY**
================================================================
PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

S. Lorenzo                                                n/a
Deputy Clerk                                         Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:
None present                                             None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED DUE TO FAILURE TO EXHAUST STATE REMEDIES AND ALSO UNTIMELINESS**

On January 29, 2024, petitioner Gilbert Phillip Moreno filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2241 which the Court reclassified as a § 2254 petition since petitioner appears to be in state custody pursuant to a state court conviction.  (Dkt. # 1.)  Petitioner also filed an Application to Proceed in Forma Pauperis (Dkt. # 2) which was granted on February 12, 2024.

The Court has reviewed the Petition and it appears to be subject to dismissal on the grounds that petitioner has not exhausted his state remedies with respect to the grounds raised therein.  In addition, it also appears from the face of the Petition that the claims raised therein may be time-barred.  The Court will not make a final determination regarding whether the Petition should be dismissed on either basis, however, without first giving petitioner an opportunity to address these issues.

Accordingly, the Court hereby issues this Order to Show Cause why the Petition should not be dismissed, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **March 15, 2024**.  The Court further directs petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## **The Exhaustion Requirement**

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, petitioner has raised six purported grounds for relief in his Petition: (1) The trial State/County court lacks/lacked jurisdiction and, therefore, denied petitioner due process; (2) petitioner was denied Due Process under the Fourteenth Amendment to the U.S. Constitution; (3) the state failed to establish its jurisdiction, leading to the impermissible imposition and application of its statutes; (4) the imposition of a term of imprisonment and a fine constituted double jeopardy; (5) intentional misrepresentation by not establishing petitioner's true name; and (6) the failure to disclose the attachment of a surety bond upon petitioner's conviction. The Petition indicates that none of the grounds contained therein have been presented to the California Supreme Court and, thus, none of these grounds have yet been exhausted. In the Petition, petitioner concedes he has not raised any of the six grounds therein on post-conviction review or other collateral review to the California Courts of Appeal, including the Supreme Court, but appears to argue that exhaustion is excused "whenever it may become clear that the alleged State remedy is nothing but a procedural morass offering no substantial hope for relief." (Petition at 3, 4.)

Notwithstanding petitioner's belief to the contrary, as set forth above, he is required to exhaust his available state court remedies before seeking federal habeas relief. (28 U.S.C. § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 842.) As noted above, this means presenting the claims to the California Supreme Court for consideration before seeking federal habeas relief. Gatlin, 189 F.3d at 888. As the claims contained in the Petition appear to be completely unexhausted, the Petition is subject to dismissal.

## Statute of Limitations

In addition to the lack of exhaustion of state remedies, it also appears that the Petition is subject to dismissal on the basis that it is untimely.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); see also Lawrence v. Florida, 549 U.S. 327, 329, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007); Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under the AEDPA, it is essential to determine when the AEDPA's limitation period starts and ends. By statute, the AEDPA's limitation period begins to run from the latest of four possible events:

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the expiration of the period for seeking direct review. See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).

Here, petitioner challenges his current state incarceration, which arises out of a 2015 judgment of conviction based on his guilty plea in San Bernardino Court Case No. FSB1204740-1 on January 16, 2015.[1] (https://cap.sb-court.org/search.) According to the San Bernardino County Superior Court's website, petitioner was sentenced on February 23, 2015.

---

1 In his Petition, petitioner states that he is currently serving a sentence after having been convicted of a crime in the Superior Court of California, County of San Bernardino. Petitioner did not provide his case number and alleges to have been sentenced in 2014. However, as noted, pursuant to the online records of the San Bernardino County Superior Court, the docket in petitioner's underlying criminal proceeding indicates that petitioner was sentenced on February 23, 2015.

MINUTES FORM 11                                                          Initials of Deputy Clerk   SL
CIVIL-GEN

For purposes of calculating the limitations period under 28 U.S.C. §2244(d)(1)(A), the date upon which "judgment became final" is the date of sentencing. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (holding that petitioner's sentence became final at conclusion of state court resentencing process). As petitioner asserts he did not file an appeal of his conviction, under California law, his judgment of conviction became final 60 days after the date judgment was entered, which is the date of his sentencing. See Cal. Rules of Court 8.308(a) (stating that a notice of appeal of a felony conviction must be filed within 60 days following the entry of judgment.) The AEDPA may also allow for statutory tolling or equitable tolling. Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." Id. In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. Lee v. Lampert, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

As petitioner indicates he did not appeal or otherwise file a petition for review in the California Supreme Court, it appears from the face of the Petition that judgment became final on April 24, 2015, 60 days after the date petitioner was sentenced.

Accordingly, the period in which petitioner could file his federal habeas petition pursuant to the AEDPA expired on April 25, 2016, one year later. As the Petition was not filed until January 29, 2024, it is untimely by 7 years and approximately nine months, absent any applicable tolling.

Title 28 U.S.C. § 2244(d)(2) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year statute of limitations period. Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). Here, from the face of the Petition, it does not appear that petitioner is entitled to statutory tolling because he alleges that he did not challenge his conviction either directly or collaterally prior to January 3, 2022, when the statute of limitations in petitioner's case expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (§ 2244(d) does not permit the reinitiation of the limitations period that ended before a state petition is filed).

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if petitioner can demonstrate both that: (1) He has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. Holland v. Florida, 560 U.S. 631, 649 (2010). It is a petitioner's burden to demonstrate that he is entitled to equitable tolling. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir.

2002). Here, it does not appear from the face of the Petition that petitioner has a basis for equitable tolling, or that he has met his burden of demonstrating such.

Finally, in rare and extraordinary cases, a plea of actual innocence can serve as a gateway through which a petitioner may pass to overcome the statute of limitations otherwise applicable to federal habeas petitions. McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013); see also Lee, 653 F.3d at 934-37. "[A] petitioner does not meet the threshold requirement unless he [or she] persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him [or her] guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995). In order to make a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." Lee, 653 F.3d at 938 (internal quotations omitted; citing House v. Bell, 547 U.S. 518, 538 (2006)). On this record, the Court "must make a 'probabilistic determination about what reasonable, properly instructed jurors would do.'" House, 547 U.S. at 538 (quoting Schlup, 513 U.S. at 329). Unexplained or unjustified delay in presenting new evidence is a "factor in determining whether actual innocence has been reliably shown." Perkins, 133 S.Ct. at 1928, 1935; Schlup, 513 U.S. at 332 ("A court may consider how the timing of the submission and the likely credibility of a [petitioner's] affiants bear on the probable reliability of . . . evidence [of actual innocence]."). Here, petitioner has not submitted new, reliable evidence to cast doubt on his conviction to permit the Court to consider his apparently otherwise time-barred claims.

For the reasons discussed above, absent a basis for tolling, petitioner's Petition appears to be barred by the one-year limitations period under 28 U.S.C. § 2244(d)(1).

## Petitioner's Options Going Forward

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to pro se litigants.'" Ford v. Pliler, 590 F.3d 782, 787 (9th Cir. 2009) (quoting Pliler v. Ford, 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. See id. at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. Pliler does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. See Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016). Accordingly, the Court presents petitioner with the following options:

**Option 1:**

If petitioner contends that he has, in fact, exhausted his state court remedies on the grounds raised in his Petition, he should clearly explain this in a written response to this Order to Show Cause. Further, if petitioner contends that in fact he does not currently have a petition pending for review that may moot his Petition, he should also clearly explain in a written response. The written response must be filed on or before **March 15, 2024**. Petitioner should attach to his response copies of any documents establishing that grounds One through Six are indeed exhausted, and that he does not have a matter pending before the California Supreme Court. (Petitioner may also file a response, and include a notice that, if the Court still finds the Petition to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The Court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, petitioner may request a voluntary dismissal of only the unexhausted claims and elect to proceed on only his exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), and Mena, 813 F.3d at 910-12, petitioner may ask the Court to stay all of the claims in the Petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines or Mena, petitioner is required to: (a) Show good cause for his failure to exhaust the grounds raised in the Petition in state court earlier; and (b) show

that all grounds are not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The Court advises petitioner, however, that "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court may recommend that his Petition be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order to Show Cause showing all grounds are exhausted and/or timely, and that he does not have a petition currently pending review before a state court. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, petitioner may select an alternative option in the event the Court finds certain claims unexhausted and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than March 15, 2024***.

**The Court warns petitioner that failure to timely file and serve a response as directed in this Order to Show Cause will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**